# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-14-00725-CV

**George Green and Garlan Green, Appellants**

**v.**

**Port of Call Homeowners Association, Randolph Harig, Nancy Carothers, and Philip Jacobs, John Ross Buchholtz, and Richard Pat McElroy, Appellees**

**FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT NO. 18314, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

## O R D E R

**PER CURIAM**

In this cause, appellants George and Garlan Green filed a notice of appeal seeking to challenge an interlocutory order signed by the district court on October 21, 2014. As the basis for our jurisdiction, the Greens invoked Tex. Civ. Prac. & Rem. Code § 51.014(a)(4), which permits interlocutory appeals from temporary injunctions. On January 30, 2015, after the Greens filed their opening brief in their appeal, the district court vacated its October 21, 2014 order and signed a new "Discovery Order" in its stead. Shortly thereafter, appellees filed a motion urging us to dismiss this cause as moot. In response, the Greens have insisted that the new discovery order is substantively identical to the October order, or nearly so, and that the combined effect of the district court's January 30 rulings was to improperly impair our jurisdiction to decide the pending appeal. *See* Tex. R. App. P. 29.5(b).

We agree with appellees that we lack jurisdiction under Section 51.014(a)(4) to review the district court's October order. To that extent, we grant appellees' motion and dismiss the Greens' appeal of that order. However, the Greens are correct in observing that the content of the district court's January 30 discovery order overlaps that of the October order. As a consequence, some of the arguments the Greens raise in their opening brief, as well as additional arguments they have raised in opposition to appellees' dismissal motion, implicate not only the October order, but the substance of the relief awarded in the January 30 discovery order. These include complaints by the Greens that the district court erred or abused its discretion in restricting the Greens from requesting documents and information from appellees. We have jurisdiction to entertain such complaints via a petition for writ of mandamus, and we will, in light of their substance, restyle this cause as an original proceeding — *In re George Green and Garlan Green* — and treat the Greens' filings as seeking mandamus relief from the January 30 discovery order. To this extent, we overrule appellees' motion to dismiss.

Furthermore, we request that appellees file, no later than April 20, 2015, a response addressing the Greens' entitlement to mandamus relief from the January 30 discovery order, including addressing the Greens' arguments predicated on claimed rights of access to appellees' records that derive from statutes, bylaws, or other legal authorities external to the civil discovery rules. *See* Tex. R. App. P. 52.8(b)(1).[1] Both sides may supplement the record as warranted.

It is ordered on April 3, 2015.

_____

[1] This order supersedes our March 2, 2015 order setting a conditional deadline for appellees to file their appellate brief.

2

Before Justices Puryear, Pemberton, and Bourland